UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICKIE BUCHANAN | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE |
| CIRCLE K STORES, INC., AND THE TRAVELERS | * | MAGISTRATE |
| INDEMNITY COMPANY | * | *Jury Trial Requested* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

Defendants, CIRCLE K STORES, INC., and THE TRAVELERS INDEMNITY COMPANY ("Defendants"), by and through undersigned counsel, hereby give notice of the removal of this action from the Civil District Court, for the Parish of Orleans, Louisiana to the United States District Court for the Eastern District of Louisiana. In support of its Notice of Removal, defendant states as follows:

1. This action was originally commenced by Plaintiff, Vickie Buchanan, on July 30, 2014 through the filing of a Petition in the Civil District Court for the Parish of Orleans State of Louisiana, captioned "*Vickie Buchanan v. Circle K Stores, Inc., et al.*" and assigned Case No. 14-7480 .

2. Circle K was served with plaintiff's Petition on or about August 14, 2014.

3. The Travelers Indemnity Company on or about August 22, 2014.

4. The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

7. Plaintiff's deposition occurred on November 3, 2014. At the deposition, Buchanan testified that she claims injuries to her neck, back, left arm, right knee, groin and hip. See *Exhibit A*, Deposition of Plaintiff, P. 46, L. 23 - P. 47, L. 2. She is currently treating with an orthopedist. *Id*. at P. 49, L. 8-13. She claims a torn rotator cuff with a claimed surgical recommendation (*Id*. at P. 50, L. 9-12; P. 60, L. 10-16); bulging or herniated discs in the neck for which she believes her treating doctor has recommended surgery (*Id*. at P. 51, L. 17-20; P. 53, L. 19-23); and low back pain that radiates down the back of her legs and inner thighs which she contends Dr. Johnston diagnosed as "disc bulges and herniations" with a surgical recommendation (*Id.* at P. 55, L. 16-19; P. 57, L. 3-6). This sworn testimony was defendants' first notice that the amount in controversy would potentially exceed $75,000.

8. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Diversity of Citizenship

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff, Vickie Buchanan, is a person of the full age of majority who resides in the Parish of Orleans, State of Louisiana. *See Petition for Damages*, at p. 1, attached as *Exhibit B*.

11. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Circle K Stores, Inc., was and is incorporated under the laws of Ohio, with its principal place of business in Arizona.

12. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, The Travelers Indemnity Company, was and is incorporated under the laws of Connecticut, with its principal place of business in Connecticut.

13. Thus, complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiff and defendants.

**Amount in Controversy**

14. Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff failed to make such an allegation as is required by the statute. See *Exhibit B*.

15. Because plaintiff in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

16. Plaintiff's deposition occurred on November 3, 2014. At the deposition, Buchanan testified that she claims injuries to her neck, back, left arm, right knee, groin and hip. See *Exhibit A*, Deposition of Plaintiff, P. 46, L. 23 - P. 47, L. 2. She is currently treating with an orthopedist. *Id*. at P. 49, L. 8-13. She claims a torn rotator cuff with a claimed surgical recommendation (*Id.* at P. 50, L. 9-12; P. 60, L. 10-16); bulging or herniated discs in the neck for which she believes her treating doctor has recommended surgery (*Id.* at P. 51, L. 17-20; P. 53, L. 19-23); and low back pain that radiates down the back of her legs and inner thighs which she contends Dr. Johnston diagnosed as "disc bulges and herniations" with a surgical recommendation (*Id.* at P. 55, L. 16-19; P. 57, L. 3-6). This was defendants' first notice that the amount in controversy would potentially exceed $75,000.

17. This pleading is filed within 30 days of notice that the amount in controversy meets the minimum threshold to maintain diversity jurisdiction. Therefore 28 U.S.C. §

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

[2] *Id.*

1446(b), this removal is timely. November 3, 2014 is the first date upon which defendant received any pleading, motion order or "other paper" upon which it could first be ascertained that the case is one which is or has become removable. See 28 U.S.C.A. § 1446 (b)(3).

18. Based on the testimony, the plaintiff now discloses that the amount in controversy exceeds $75,000.00.

**Removal**

19. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

20. Pursuant to 28 U.S.C. § 1446(d), plaintiff is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

21. The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

22. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the Civil District Court for the Parish of Orleans, State of

---

[3] 28 U.S.C. §1446(a).

Louisiana.

23. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

24. By filing this Notice of Removal, the removing defendants do not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition/Complaint.

WHEREFORE, CIRCLE K STORES, INC., and THE TRAVELERS INDEMNITY COMPANY, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

                                                RESPECTFULLY SUBMITTED,

BY:     s / John P. Wolff, III
       JOHN P. WOLFF, III, BAR #14504
       TORI S. BOWLING, BAR #30058
       **KEOGH COX & WILSON, LTD**
       701 Main Street
       Post Office Box 1151
       Baton Rouge, Louisiana 70821
       Telephone: (225) 383-3796
       Facsimile(225) 343-9612
       Email: jwolff@kcwlaw.com
              tbowling@kcwlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 25th day of November, 2014.

                                                        s / John P. Wolff, III
                                                        JOHN P. WOLFF, III