## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUCHANAN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2690** |
| **CIRCLE K STORES INC. et al** | **SECTION: "G"(4)** |

## <u>ORDER</u>

Before the Court is defendant Circle K Stores, Inc.'s ("Circle K") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## <u>I. Background</u>

### A.    *Factual Background*[2]

Plaintiff Vickie Buchanan alleges that she was injured after slipping and falling in liquid on the floor of the Circle K store located at 704 Howard Avenue in New Orleans, Louisiana, on August 14, 2013.[3] Buchanan alleges that she walked into the store and turned right, intending to walk toward the beverage coolers at the end of the aisle.[4] She allegedly fell in a stream of water that was coming

---

[1]  Rec. Doc. 11.

[2]  Local Rule 56.1 provides that every motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue. Local Rule 56.2 states that any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement. In this case, Buchanan has submitted a one-page "Statement of Contested Facts," wherein she poses three questions which, apparently, she believes are contested questions of material fact. However, Buchanan does not attempt to controvert most of the facts presented in Circle K's statement. Accordingly, the Court considers the facts recited here to be uncontested.

[3]  Rec. Doc. 14-3 at ¶¶ 1–2.

[4]  *Id.* at ¶ 3.

1

from a freezer or cooler at the end of the first aisle to the right of the Circle K entrance.[5] The "stream" was about an inch wide and ran from the cooler to the area where Buchanan fell.[6] Buchanan does not know how long the water had been present on the floor, and the stream did not appear to have been disturbed in any way.[7] A warning cone was present near the front of the store because it had been raining earlier in the day.[8]

Circle K inspects its equipment daily, and its employees are trained to constantly be on the look-out for hazards in the store.[9] All equipment issues are documented in a maintenance log, which does not reference prior problems with the cooler at issue. This cooler is built into the store structure and had no problems during the days leading up to and including the day of the alleged incident.[10]

## B.    Procedural Background

Buchanan filed this case in state court on July 30, 2014.[11] On November 25, 2014, Defendants Circle K and The Travelers Indemnity Co. ("Defendants") removed the case to federal court.[12] Circle K filed a "Motion for Summary Judgment" on April 29, 2015,[13] which Buchanan

---

[5]  *Id.* at ¶ 3.

[6]  *Id.*

[7]  *Id.* at ¶ 4.

[8]  *Id.* at ¶ 5.

[9]  *Id.* at  ¶¶ 6, 7.

[10]  *Id.* at  ¶ 8.

[11]  Rec. Doc. 1-2.

[12]  Rec. Doc. 1.

[13]  Rec. Doc. 14.

opposed on May 19, 2015.[14] Circle K filed a reply brief on May 29, 2015.[15] On September 10, 2015, with leave of Court, Defendants filed a supplemental memorandum in support of the motion for summary judgment.[16] Buchanan did not file a sur-reply or response to Defendants' supplemental memorandum.

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of Summary Judgment*

Circle K contends that summary judgment is appropriate because Buchanan cannot prove requisite elements of her prima facie case.[17] In order to establish liability based on ownership or custody of a thing pursuant to Article 2317.1, according to Circle K, a plaintiff must show that: (1) the defendant was the owner or custodian of a thing which caused the damage; (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm; (3) the ruin, vice, or defect of the thing caused the damage; (4) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect; (5) the damage could have been prevented by the exercise of reasonable care; and (6) the defendant failed to exercise such reasonable care.[18] Circle K submits that Louisiana courts have made clear that a merchant must also have actual or constructive prior knowledge of a substance on the floor for liability to attach.[19] Additionally, Circle K avers that

---

[14]  Rec. Doc. 15.

[15]  Rec. Doc. 21.

[16]  Rec. Doc. 29.

[17]  Rec. Doc. 14-2 at p. 1.

[18]  *Id.* at p. 4 (citing *Granda v. State Farm Mut. Ins. Co.*, 04-1722, p. 6 (La. App. 1 Cir. 2/10/06); 935 So. 2d 703, 708).

[19]  *Id.* (citing *Smith v. The Runnels Sch., Inc.*, 2004-1329 (La. App. 1 Cir. 3/24/05); 907 So. 2d 109, 112).

Louisiana's "merchant statute" requires the merchant to have actual or constructive notice of the condition which caused the damage, prior to the occurrence.[20]

Here, according to Circle K, Buchanan cannot meet the "notice" requirement of either Article 2317.1 or Louisiana Revised Statute 9:2800.6 because she has no proof demonstrating that Circle K had actual or constructive knowledge of any problems with the cooler/freezer before the alleged incident.[21] Likewise, Circle K argues, Buchanan cannot prove the substance had been on the ground for such a period of time that it should have been discovered by Circle K.[22] Circle K submits that Buchanan admitted that the substance was undisturbed.[23] Circle K additionally points to the affidavit of Joyce Clemmons, Circle K's director of human resources, wherein she contends that Circle K was not aware of any problems, issues or leaks in or around the cooler located near where Buchanan fell.[24] Circle K avers that its employees are trained to constantly look for hazards in the store and that its equipment is inspected daily.[25] Moreover, Circle K contends that it documents all equipment issues in a maintenance log.[26] That log, according to Circle K, does not reference prior problems with the cooler at issue, which is built into the store structure and had no known problems during the days leading up to and including the date of the incident.[27] Circle K cites *Player v. Baker* to

---

[20] *Id.* at p. 5 (citing LA. REV. STAT. 9:2800.6; *Dickerson v. Winn-Dixie, Inc.*, 2001-0807 (La. App. 1 Cir. 2/27/02); 816 So .2d 315, 318).

[21] *Id.* at p. 6.

[22] *Id.*

[23] *Id.* at pp. 6–7.

[24] *Id.* at p. 7 (citing Rec. Doc. 14-6).

[25] *Id.*

[26] *Id.*

[27] *Id.*

support its argument that the fact that an accident occurred does not support the inference of the existence of an unreasonable risk of harm or failure to exercise reasonable care.[28] Finally, Circle K cites several cases where, it contends, courts have granted summary judgment in personal injury cases where the plaintiff failed to present evidence concerning the length of time the injury-causing liquid was on the floor.[29]

## B.   *Buchanan's Arguments in Opposition to Summary Judgment*

In reply, Buchanan argues only that summary judgment is premature because the deadline for discovery in this matter – September 2, 2015 – has not yet passed and she should be allowed to conduct additional discovery before her claim is summarily dismissed.[30] Specifically,  Buchanan contends that she has not yet taken the depositions of the Circle K personnel working on the date of her fall or the store's management personnel with respect to the store's maintenance and safety procedures.[31]  Buchanan states that "[w]hile it is clear that she obviously does not know how long the water had been present on the floor, it is also clear that Circle K personnel are the only people that have the exclusive knowledge of this disputed material fact."[32]

Buchanan cites *White v. Wal Mart Stores, Inc.* to support her argument that whether the condition in a merchant's store exists for a sufficient length of time for the merchant's discovery is

---

[28]  *Id.* at p. 8 (citing *Player v. Baker*, 42-451 (La. App. 2 Cir. 9/19/07); 965 So. 2d 984).

[29]  *Id.* at pp. 9–10 (citing, e.g., *Williams v. Home Depot USA, Inc.*, 341 F. App'x 976 (5th Cir. 2009); *Boyd v. Wal Mart Stores, Inc.*, 255 F. App'x 34, 35 (5th Cir. 2007)).

[30]  Rec. Doc. 15 at p. 1.

[31]  *Id.*

[32]  *Id.* at p. 2.

necessarily a fact question.[33] She additionally contends that plaintiffs in similar cases may rely on direct or circumstantial evidence to establish constructive knowledge.[34] Here, Buchanan argues, Circle K filed its motion for summary judgment early - before discovery had been completed and well before the discovery and pre-trial deadlines.[35] Buchanan contends that material facts regarding maintenance of the Circle K store and equipment are in the exclusive knowledge of Circle K personnel, and avers that the depositions of certain Circle K employees will assist her with her burden of establishing Circle K's constructive knowledge of the leaking refrigeration unit.[36]

## C.   *Circle K's Arguments in Further Support of Summary Judgment*

In further support for summary judgment, Circle K argues that Buchanan failed to comply with Rule 56(d), which requires that an affidavit be filed to attest to the additional discovery to be taken.[37] Buchanan's opposition memorandum, according to Circle K, was not accompanied by the requisite affidavit, and the Court is therefore not required to consider her discovery request. Additionally, Circle K states that discovery is not required to be complete prior to the filing of a motion for summary judgment; rather, according to Circle K, summary judgment is appropriate "after adequate time for discovery."[38] This case, according to Circle K, was filed in July 2014 in state court and was removed to federal court on November 25, 2014.[39] During that time, some

---

[33] *Id.* at p. 4 (citing *White v. Wal Mart Stores, Inc.*, 97-0393 (La. 09/09/97); 699 So .2d 1081, 1084).

[34] *Id.* (citing, e.g., *White*, 699 So. 2d at 1084).

[35] *Id.* at p. 5.

[36] *Id.*

[37] Rec. Doc. 21 at p. 1.

[38] *Id.*

[39] *Id.* at p. 2.

discovery occurred and Circle K responded to written discovery requests from Buchanan.[40] However, Circle K avers, it received no deposition requests, even after it notified Buchanan of its intent to file a motion for summary judgment.[41] Circle K contends that when it filed the pending motion on April 29, 2015, it still had not received requests for depositions.[42] Circle K reavers that summary judgment should be granted in its favor, but states that if the Court accepts Buchanan's request for additional discovery, the pending motion should be deferred rather than denied.[43]

### D.    *Circle K's Supplemental Arguments in Further Support for Summary Judgment*

On September 10, 2015, after the discovery deadline passed, Defendants filed a supplemental memorandum urging the Court to grant summary judgment.[44] Defendants argue that although Buchanan had the opportunity to conduct additional discovery, she still has not averred any facts proving that Circle K was on notice of the alleged leak.[45] According to Circle K, the store manager testified by deposition that employees had no notice of any problems with the cooler/freezer.[46] Despite regular inspections of the store, Circle K avers, no employees were aware of any leaks.[47] Circle K further contends that although it was rainy that day, Buchanan herself blamed her fall on

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.* at p. 3.

[44] Rec. Doc. 29.

[45] *Id.* at p. 2.

[46] *Id.*

[47] *Id.* at pp. 2–3.

a "small stream" flowing from a freezer, and not from rainy conditions.[48] Circle K contends that it has offered positive proof that it had no actual or constructive notice of any problems with any cooler or freezer in the store or with the surrounding floor, and that absent contradictory evidence from Buchanan, summary judgment is warranted.[49]

Circle K also urges the Court not to reach the element of "reasonable care" as set forth in Louisiana Revised Statute 9:2800.6.[50] Circle K avers that, as established by case law, because plaintiff cannot meet her burden of proof that the store had constructive notice of the leak, the Court need not reach the issue of whether Circle K failed to exercise reasonable care.[51] According to Circle K, Buchanan cannot show that any inspection or store procedure would have prevented the accident where there is no proof of how long the alleged stream was present before Buchanan's fall.[52]

### III. Law and Analysis

**A.      *Legal Standard for Summary Judgment***

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[53] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[48] *Id.* at p. 4.

[49] *Id.*

[50] *Id.* at p. 6.

[51] *Id.* (citing *Georges v. Kroger Texas, L.P.*, No. 06-1676, 2007 WL 2407251, at *7 (W.D. La. Aug. 17, 2007)).

[52] *Id.*

[53] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

8

the evidence."[54] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[55] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[56]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[57] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[58] Thus, if the moving party satisfies its initial burden, the burden shifts to the nonmoving to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[59] In doing so, the non-moving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[60] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated

---

[54] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[55] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985);  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[56] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[57] *Celotex,* 477 U.S. at 323.

[58] *Id.* at 325.

[59] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[60] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

assertions," or "by only a scintilla of evidence."[61] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[62]

**B.     *Applicable Law on Merchant Liability***

In order for a plaintiff to prevail against a merchant in a slip-and-fall negligence action such as the one here, the plaintiff must show that the merchant is negligent under Louisiana Revised Statute 9:2800.6.[63] Under Louisiana Revised Statute 9:2800.6, a plaintiff bringing a negligence claim against a merchant for a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; (2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and (3) "[t]he merchant failed to exercise reasonable care." In order to prevail, the plaintiff must prove all three elements of the merchant liability statute.[64] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, it may not sustain a negligence cause of action unless it can also prove that the merchant had actual or constructive notice of the condition that caused the damage.[65]

Where there is an allegation that a defect in the premises, rather than a spilled foreign substance, caused the alleged accident, a plaintiff may in some circumstances also be able to bring

---

[61]  *Little*, 37 F.3d at 1075.

[62]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[63]  *See Howard v. Family Dollar Store No. 5006*, 40-282 (La. App. 2 Cir. 10/26/05), 914 So. 2d 118, 120; *Menjivar v. Rouse's Enters., L.L.C.*, 03-0808, p. 5 (La. App. 5 Cir. 12/30/03), 865 So. 2d 176, 178; *Dickerson v. Winn-Dixie, Inc.*, 2001-0807, p. 3 (La. App. 1 Cir. 2/27/02), 816 So. 2d 315, 317; *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1083.

[64]  *White*, 699 So. 2d at 1084.

[65]  *See id.*

10

an action under Article 2317 for strict liability.[66] In order to establish liability based on ownership or custody of a thing pursuant to Article 2317.1, a plaintiff must show that: (1) the defendant was the owner or custodian of a thing which caused the damage; (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm; (3) the ruin, vice, or defect of the thing caused the damage; (4) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect; (5) the damage could have been prevented by the exercise of reasonable care; and (6) the defendant failed to exercise such reasonable care.[67]

Both the negligence and strict liability standards require the merchant to have actual or constructive notice of a defect or danger on the premises.[68] "Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury."[69] Accordingly, to sustain either a negligence or strict liability cause of action, a plaintiff must show at trial that a merchant either actually knew of an allegedly dangerous condition or that the condition had existed for a long enough period of time that the merchant should have discovered it.

## C.    Analysis

Circle K, as the moving party, bears the initial burden on a motion for summary judgment of identifying those portions of the record that it believes demonstrate the absence of a genuine issue

---

[66] *See Birdsong v. Hirsch Mem'l Coliseum*, 39,101 (La. App. 2 Cir. 12/15/04), 889 So. 2d 1232, 1235.

[67] *Granda v. State Farm Mut. Ins. Co.*, 04-1722, p. 6 (La. App. 1 Cir. 2/10/06); 935 So. 2d 703, 708.

[68] *White*, 699 So. 2d at 1084; *Walters v. City of W. Monroe*, 49,502 (La. App. 2 Cir. 2/4/15), 162 So. 3d 419, 423; *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So. 3d 243, 246.

[69] *Boutin*, 164 So. 3d at 246–47 (citing *Casborn v. Jefferson Hosp. Dist. No. 1*, 11–1020 (La. App. 5 Cir. 5/22/12), 96 So. 3d 540, 543).

of material fact.[70] Circle K contends that Buchanan cannot meet the "notice" requirement of either Louisiana Revised Statute 9:2800.6 or Article 2317.1 because she cannot prove that Circle K had actual or constructive knowledge of any problems with the refrigeration unit before the alleged incident.[71]

In its motion for summary judgment, Circle K alleges that there are no disputed material facts at issue because Buchanan cannot show that Circle K had actual or constructive knowledge of any problems with the cooler before the alleged incident.[72] In support of its motion, Circle K offers an affidavit by its director of human resources, Joyce Clemmons, stating that Circle K had no knowledge of any water on the floor where Buchanan allegedly fell on August 14, 2013.[73] Circle K also relies on Clemmons' statements that Circle K employees are trained to look out for hazards, that they inspect the store's equipment daily, and that they were not aware of any problems, issues or leaks in or around the cooler.[74] Furthermore, Circle K offers a deposition in which Buchanan stated that she did not know how long the liquid had been present and that the alleged stream of water did not appear to have been disturbed.[75] By setting forth evidence that Circle K was not aware of any water on the floor where Buchanan fell, that Buchanan did not know how long the water was there, and that the alleged "stream" appeared undisturbed, Circle K has met its initial burden of demonstrating the absence of a genuine issue of material fact regarding the "notice" element of Plaintiff's claim.

---

[70] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[71] Rec. Doc. 1-2  at p. 6.

[72] Rec. Doc. 14-2 at p. 6.

[73] *Id.* at p. 7 (citing Rec. Doc. 14-6).

[74] *Id.*

[75] *Id.* at p. 6 (citing Rec. Doc. 14-5).

After the party moving for summary judgment satisfies its initial burden, the burden shifts to the nonmoving to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[76] In response to Circle K's motion for summary judgment, however, Buchanan did not come forth with "specific evidence" to refute Circle K's allegations or to suggest the existence of a disputed issue of material fact. Buchanan's only argument was that constructive notice is "necessarily a fact question,"[77] and that summary judgment was premature because the deadline for discovery in this matter—September 2, 2015—had not yet passed.[78] The discovery deadlines have now passed, however, without any additional briefing or evidence proffered by Buchanan regarding the notice requirement. If additional discovery conducted by Buchanan revealed facts sufficient raise disputed issues of material fact, Buchanan has failed to bring any such evidence to the Court's attention.

There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[79] Plaintiff, however, has not cited any facts whatsoever to refute Circle K's allegations that it did not have actual or constructive notion of the alleged leak at issue in this case, an element that Buchanan would need to prove at trial to prevail on either negligence or strict liability grounds.[80]

As such, the Court finds that there are no material facts in dispute regarding the "notice"

---

[76] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[77] Rec. Doc. 15 at p. 4 (citing *White*, 699 So. 2d at 1084; *Melton v. Smith*, 41-456 (La. App. 2 Cir. 9/20/06), 940 So. 2d 89, 93; *Campo v. Winn-Dixie La., Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So. 2d 94, 100).

[78] *Id.* at p. 1.

[79] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[80] *See White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084; *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So. 3d 243, 246.

element of Plaintiff's claim, and therefore Circle K is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Circle K Stores Inc.'s "Motion for Summary Judgment"[81]

is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this ___6th___ day of October, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[81] Rec. Doc. 14.