UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICKIE BUCHANAN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2690** |
| **CIRCLE K STORES INC., et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Plaintiff Vickie Buchanan's ("Buchanan") "Motion for New Trial."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.   *Factual Background*

Buchanan alleges that she was injured after slipping and falling in liquid on the floor of Defendant Circle K Stores, Inc.'s ("Circle K") store located at 704 Howard Avenue in New Orleans, Louisiana, on August 14, 2013.[2] Buchanan alleges that she walked into the store and turned right, intending to walk toward the beverage coolers at the end of the aisle.[3] She allegedly fell in a stream of water that was coming from a freezer or cooler at the end of the first aisle to the right of the Circle K entrance.[4] The "stream" was about an inch wide and ran from the cooler

---

[1] Rec. Doc. 42.

[2] Rec. Doc. 1-2 at 1.

[3] Rec. Doc. 14-3 at ¶ 3.

[4] *Id.*

1

to the area where Buchanan fell.[5] Buchanan does not know how long the water had been present on the floor, and the stream did not appear to have been disturbed in any way.[6] A warning cone was present near the front of the store because it had been raining earlier in the day.[7]

Circle K claims that it inspects its equipment daily, and its employees are trained to constantly be on the look-out for hazards in the store.[8] According to Circle K, all equipment issues are documented in a maintenance log, which does not reference prior problems with the cooler at issue.[9] Circle K asserts that this cooler is built into the store structure and had no problems during the days leading up to and including the day of the alleged incident.[10]

### B. Procedural Background

Buchanan filed this case in the Civil District Court for the Parish of Orleans, Louisiana on July 30, 2014.[11] On November 25, 2014, Defendants Circle K and The Travelers Indemnity Co. ("Travelers") removed the case to this Court.[12] Circle K filed a "Motion for Summary Judgment" on April 29, 2015,[13] to which Buchanan filed an opposition arguing that discovery was not complete and granting summary judgment would be premature.[14] The discovery

---

[5] *Id.*

[6] *Id.* at ¶ 4.

[7] *Id.* at ¶ 5.

[8] *Id.* at ¶¶ 6, 7.

[9] *Id.*

[10] *Id.* at ¶ 8.

[11] Rec. Doc. 1-2.

[12] Rec. Doc. 1.

[13] Rec. Doc. 14.

[14] Rec. Doc. 15.

2

deadline passed without any further pleadings from Plaintiff, and the Court granted summary judgment on October 7, 2015 on the basis that Circle K had met its initial burden of demonstrating that Buchanan could not prove that Circle K had actual or constructive knowledge of any problems with the refrigeration unit before the alleged accident, and Buchanan had failed to rebut Circle K's arguments with any evidence in support of her position.[15] On October 15, 2015, Buchanan filed a notice of voluntary dismissal without prejudice against Travelers.[16] On the same date, the Court entered a judgment dismissing the claims against Circle K with prejudice, and the claims against Travelers without prejudice.[17]

On November 10, 2015, Plaintiff filed the instant motion for a new trial.[18] Defendants filed an opposition on November 30, 2015.[19]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of Reconsideration*[20]

Plaintiff claims that the Court should reconsider the grant of summary judgment because it committed manifest errors of law when it determined that there was no genuine, disputed issue

---

[15] Rec. Doc. 32.

[16] Rec. Doc. 39.

[17] Rec. Doc. 40.

[18] Rec. Doc. 42. Plaintiff initially filed the motion on November 3, 2015, and the motion was therefore timely filed within the 28-day window afforded by Federal Rule of Civil Procedure 59. Rec. Doc. 41. However, the motion was struck as deficient by the Clerk of Court for failure to submit a memorandum in support and a notice of submission. *Id.* Plaintiff correctly refiled the motion on November 10, 2015. Rec. Doc. 42.

[19] Rec. Doc. 44.

[20] As noted below, although Plaintiff moves for a "new trial" in this matter, as no trial was conducted, Plaintiff's motion is more appropriately styled as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59. *See infra* Part III.A.

of material fact.[21] Buchanan avers that the Court should not have found that Plaintiff failed to demonstrate that Circle K had actual or constructive notice of the water on the floor, and genuine issues of fact concerning the notice element remain that should prevent summary judgment.[22]

According to Plaintiff, this case is governed by Louisiana Revised Statute 9:2800.6, which allows a plaintiff to bring a negligence claim against a merchant for a fall allegedly caused by conditions existing on a merchant's premises if the plaintiff can show that: (1) "the condition presented an unreasonable risk of harm; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care."[23] Buchanan contends that, under Louisiana law, the relevant hazardous condition can be something other than the actual item that directly caused the plaintiff to fall.[24] According to Buchanan, courts have held that a genuine issue of fact exists as to whether a standing wet floor sign is a hazard when placed in heavily trafficked areas of a merchant's premises, particularly during times when it is known that the area will be crowded.[25]

Plaintiff contends that a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.[26] Plaintiff also avers that under Louisiana law, "constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been

---

[21] Rec. Doc. 42-2 at 2.

[22] *Id.* at 3–4.

[23] *Id.* at 4 (citing *White v. Wal Mart Stores, Inc.*, 97-0393 (La. 09/09/97); 699 So .2d 1081, 1084).

[24] *Id.* (citing *Cole v. Brookshire Grocery Co.*, 2008-1093 (La. App. 3 Cir. 3/4/09); 5 So. 3d 1010, 1014).

[25] *Id.* (citing *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010); *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442 (2009); *Luthy v. Denny's, Inc.*, 782 S.W. 2d 661, 663 (Mo. Ct. App. 1989)).

[26] *Id.* at 4–5 (citing *Cates*, 624 F.3d at 696).

discovered if the merchant had exercised reasonable care.[27] According to Buchanan, in its Order granting summary judgment, the Court found that Plaintiff failed to demonstrate evidence to show that Circle K had actual or constructive notice of the condition that caused her injury prior to the occurrence.[28] Specifically, Buchanan contends, the Court reasoned that because Plaintiff could not recall how long the water was there, Circle K met its burden of proving there was an absence of a genuine issue of material fact regarding the "notice" element.[29]

Plaintiff avers, however, that the deposition testimony of store manager Marilyn Evans ("Evans") proves that Circle K should have been aware of the condition, and thus had constructive knowledge of it.[30] According to Buchanan, Evans' deposition testimony reveals that she failed to abide by written safety checklists that Circle K has in place, which would have included a box for checking the floor for spills, and would have created a record of the last clean-up.[31] Plaintiff contends that there are no records of when the floor is checked on any particular day, that Evans confirmed that no check list was used on the day in question, and that that Evans has testified that the use of the checklists "[ensures] certain things in some organized manner."[32] Buchanan argues that Evans was working the floor that day and was responsible for cleaning leaks or spills, and that there is "strong evidence" to suggest that she was distracted due to a delivery that was taking place that day.[33] According to Plaintiff, Evans testified in her deposition

---

[27] *Id.* at 5.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 5–6.

[32] *Id.* at 6.

[33] *Id.*

5

that truck deliveries can take anywhere from three to four hours to complete, and Evans agreed that truck deliveries require a lot of her attention.[34] Furthermore, Plaintiff contends, Evans testified that she could not say that there had been a check within five minutes of Buchanan's injury, and the incident occurred while Evans and another employee were "in the middle of the floor finishing up a truck delivery, still putting away some products."[35]

Therefore, Plaintiff argues, given that Evans was "finishing up" a truck delivery and "admittedly had her attention focused elsewhere, it is highly likely that enough time had passed prior to the incident that should have been enough time to correct the dangerous condition."[36] Plaintiff also avers that the record reflects that it had been "pouring down rain" at the time of the accident.[37] Thus, Buchanan asserts, Evans should have known to be on even higher alert that the floor could be wet given the circumstances, no matter the source.[38] According to Plaintiff, Evans' failure to see that the water was present due to her distraction from the truck delivery should give rise to a genuine, disputed issue of material fact concerning the notice element.[39]

## B.   *Defendants' Arguments in Opposition to Reconsideration*

In opposition, Defendants Circle K and Travelers contend that the Court's decision granting summary judgment was correct and should be affirmed because Buchanan did not prove the elements of Louisiana Revised Statute 9:2800.6 or Louisiana Civil Code Article 2317.1, and

---

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 6–7.

[39] *Id.* at 7.

no evidence was presented to contest the sworn evidence presented by Circle K.[40] According to Defendants, even if the Court had accepted Plaintiff's argument that it needed time for additional discovery before the Court could grant summary judgment, the argument was cured because Plaintiff "had every opportunity to conduct discovery after the motion was filed but before the Court rendered its decision on October 7, 2015."[41] However, Defendants aver, subsequent discovery did not reveal a basis for the imposition of liability on Circle K, because no such evidence exists.[42]

Defendants argue that grounds for a new trial are not present because, although Buchanan has argued that the Court committed manifest errors of law, no such error was committed in light of the fact that there was no evidence in the record to show that Circle K had actual or constructive notice of the alleged condition on the floor.[43] According to Defendants, the only opposition to summary judgment that was filed contained no evidentiary support.[44] Thus, Defendants contend, no error of fact or law occurred where the only evidence in the record establishes that Circle K had no notice of any problems with any cooler in the store or any liquid on the floor, and Plaintiff presents no other grounds for a new trial.[45]

Defendants contend that the deposition testimony attached by Plaintiff to her motion for reconsideration is not new and was available at all pertinent times.[46] In fact, Defendants argue,

---

[40] Rec. Doc. 44 at 1.

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.* at 5.

[46] *Id.*

7

they attached excerpts from the same deposition when they filed a supplemental memorandum urging the Court to grant the motion for summary judgment.[47] Defendants assert that, in order to obtain a new trial on the ground of newly discovered evidence, the movant must show that the evidence did not exist at the time of trial, it could not have been discovered through due diligence, and was of such magnitude that production of it earlier would have been likely to change the disposition of the case.[48] Here, Defendants argue, Plaintiff cannot meet that burden because: (1) the deposition was taken in sufficient time to allow it to be filed into the motion for summary judgment record; and (2) the cited testimony does not change the liability scenario in any event because it speaks to the element of reasonable care and in no way proves notice.[49]

Defendants assert that Buchanan did not prove actual or constructive notice of either: (1) any problem with any cooler in the store; or (2) any stream on the floor.[50] According to Defendants, Buchanan has no proof of actual notice of any problems, and in order to prove constructive notice, must show that the defective condition existed for such a period of time that it would have been discovered if Circle K had exercised reasonable care.[51] Defendants contend that this requires showing that the condition existed for at least some time prior to the incident.[52] By contrast, Defendants argue, a defendant merchant does not have to make a positive showing

---

[47] *Id.*

[48] *Id.* at 5–6 (citing *In re BOPCO, L.P.*, No. 11-3137, 2014 WL 241591, at *2 (E.D. La. Jan. 22, 2014); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)).

[49] *Id.* at 6.

[50] *Id.*

[51] *Id.* (citing La. R.S. 9:2800.6(C)(1)).

[52] *Id.* (citing *Dickerson v. Winn-Dixie, Inc.*, 2001-0807 (La. App. 1 Cir. 2/27/02); 816 So. 2d 315; *Menjivar v. Rouse's Enters., L.L.C.*, 03-0808 (La. App. 5 Cir. 12/30/03); 865 So. 2d 176; *Bellot v. Kmart Corp.*, 1999-2000 (La. App. 3 Cir. 6/7/00); 769 So. 2d 25).

of the absence of the existence of the condition prior to the fall.[53] According to Defendants, if a plaintiff cannot make a showing that the condition existed for some time before her fall, she cannot carry her burden of proving a merchant's constructive notice.[54]

Here, Defendants claim, no proof was presented to show that Circle K had actual or constructive knowledge of any problems with the cooler/freezer before the alleged incident, and likewise Plaintiff did not prove the substance had been on the ground for such a period of time that it should have been discovered by Circle K.[55] Defendants argue that Buchanan does not know how long the substance had been present and admitted that it was undisturbed, and thus cannot prevail on her claim.[56] This conclusion is buttressed, Defendants contend, by Circle K's affidavit, which confirms that it was not aware of any problems, issues or leaks in or around the cooler located near where Buchanan fell.[57] Similarly, Defendants argue, store manager Evans testified by deposition and confirmed that employees had no notice of any problems.[58] According to Defendants, inspections were ongoing in the convenience store.[59] Defendants argue that Evans is not aware of any time when the coolers leaked, despite working in an area that gave her a view of the spot where Buchanan fell.[60]

According to Defendants, Plaintiff has claimed that the water came from the

---

[53] *Id.* at 6–7 (citing *Kennedy v. Wal-Mart Stores, Inc.*, 1998-1939 (La. 4/14/99); 733 So. 2d 1188).

[54] *Id.* at 7 (citing *Menjivar*, 865 So. 2d at 176).

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.* at 8.

[59] *Id.*

[60] *Id.* at 9.

9

cooler/freezer, and not from the day's rainy conditions, and thus any testimony concerning rainy conditions or rainy day protocols are irrelevant.[61] Defendants contend that because they provided positive proof that Circle K had no prior actual or constructive notice of any problem with any cooler or freezer in the store, absent contradictory evidence from Plaintiff, summary judgment was warranted.[62] Defendants aver that, although Plaintiff now seeks to introduce additional excerpts from the Evans deposition, none of the proposed testimony now offered by her was in the record when summary judgment was decided, and testimony submitted at this late date should not be allowed, as it does not change the outcome of the case in any event.[63]

Finally, Defendants assert that the Court need not reach the element of reasonable care because Buchanan has not proven notice.[64] According to Defendants, Buchanan points to the testimony of Evans in her pending motion, but the testimony on which she now relies would, even if it were in the record at the time the Court granted summary judgment, have been pertinent only to the issue of reasonable care, not notice.[65] Defendants argue that Plaintiff has the burden of proving all three of the independent elements set forth in Louisiana Revised Statute 9:2800.6, and the failure to prove any of the requirements is fatal to a plaintiff's case.[66] Defendants assert that the element of reasonable care is separate from that of notice, and if the plaintiff cannot meet her burden of proof as to the temporal element requirement, Section

---

[61] *Id.* at 10.

[62] *Id.*

[63] *Id.* at 10–11.

[64] *Id.* at 11.

[65] *Id.*

[66] *Id.* (citing *Frank v. Boomtown L.L.C.*, 12-382 (La. App. 5 Cir. 12/11/12); 106 So. 3d 227, 231).

10

2800.6(B)(2), the Court does not reach the issue of whether Circle K failed to exercise reasonable care under Section 2800.6(B)(3).[67] Here, Defendants argue, Plaintiff cannot show that any inspection and/or store procedure would have prevented the subject accident where no proof exists to show how long the alleged stream was present before the alleged fall.[68] Therefore, Defendants aver, reconsideration is not warranted.[69]

### III. Law and Analysis

*A.    Legal Standard for Reconsideration*

Although the Fifth Circuit has held that the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*," it has recognized that parties may seek reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) or 60(b).[70] Reconsideration is "an extraordinary remedy that should be used sparingly,"[71] and granted only when a motion "clearly establish[es]" that reconsideration is appropriate.[72] This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration.[73] In exercising its discretion, the Court must carefully balance the interests of finality and "the need to render just decisions on the basis of all the facts."[74]

---

[67] *Id.* (citing *Georges v. Kroger Tex., L.P.*, No. 06-1676, 2007 WL 2407251, at *7 (W.D. La. Aug. 17, 2007)).

[68] *Id.* at 11–12.

[69] *Id.* at 12.

[70] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994).

[71] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[72] *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[73] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[74] *Id.*

A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[75] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[76] Rather, in deciding a motion for reconsideration, this Court considers whether:

(1) The motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
(2) The movant presents newly discovered or previously unavailable evidence;
(3) The motion is necessary to prevent manifest injustice; or
(4) The motion is justified by an intervening change in the controlling law.[77]

However, when there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[78]

## B. *Applicable Law on Merchant Liability*

In order for a plaintiff to prevail against a merchant in a slip-and-fall negligence action such as the one here, the plaintiff must show that the merchant is negligent under Louisiana Revised Statute 9:2800.6.[79] Under Louisiana Revised Statute 9:2800.6, a plaintiff bringing a

---

[75] *Templet,* 367 F.3d at 479.

[76] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[77] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (citations omitted); *see also Joiner v. Winn Dixie Louisiana, Inc.*, No. 14-2081, 2015 WL 5918648, at *2 (E.D. La. Oct. 9, 2015) (Brown, J.).

[78] *Joiner*, 2015 WL 5918648, at *2; *see also Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002).

[79] *See Howard v. Family Dollar Store No. 5006*, 40-282 (La. App. 2 Cir. 10/26/05); 914 So. 2d 118, 120; *Menjivar v. Rouse's Enters., L.L.C.*, 03-0808, p. 5 (La. App. 5 Cir. 12/30/03); 865 So. 2d 176, 178; *Dickerson v. Winn-Dixie, Inc.*, 2001-0807, p. 3 (La. App. 1 Cir. 2/27/02); 816 So. 2d 315, 317; *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1083.

negligence claim against a merchant for a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; (2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and (3) "[t]he merchant failed to exercise reasonable care." In order to prevail, the plaintiff must prove all three elements of the merchant liability statute.[80] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, it may not sustain a negligence cause of action unless it can also prove that the merchant had actual or constructive notice of the condition that caused the damage.[81]

Under Louisiana Revised Statute 9:2800.6, the merchant must have actual or constructive notice of a defect or danger on the premises.[82] "Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury."[83] Accordingly, to sustain a negligence cause of action, a plaintiff must show at trial that a merchant either actually knew of an allegedly dangerous condition or that the condition had existed for a long enough period of time that the merchant should have discovered it.[84]

---

[80] *White*, 699 So. 2d at 1084.

[81] *See id.*

[82] *Id.*; *Walters v. City of W. Monroe*, 49,502 (La. App. 2 Cir. 2/4/15); 162 So. 3d 419, 423; *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14); 164 So. 3d 243, 246.

[83] *Boutin*, 164 So. 3d at 246–47 (citing *Casborn v. Jefferson Hosp. Dist. No. 1*, 11–1020 (La. App. 5 Cir. 5/22/12); 96 So. 3d 540, 543).

[84] When there is an allegation that a defect in the premises caused the alleged accident, a plaintiff may in some circumstances be able to bring an action under Louisiana Civil Code Article 2317.1. *See Birdsong v. Hirsch*

13

C.      *Analysis*

Circle K moved for summary judgment in this matter on the grounds that Plaintiff could produce no evidence to meet the "notice" requirement of Louisiana Revised Statute 9:2800.6 because she had no proof demonstrating that Circle K had actual or constructive knowledge of any problems with the cooler/freezer before the alleged incident, and Plaintiff could not prove that the substance had been on the ground for such a period of time that it should have been discovered by Circle K.[85] In support of its assertion, Circle K cited deposition testimony in which Buchanan admitted that the substance was undisturbed, as well as an affidavit by Joyce Clemmons, Circle K's director of human resources, wherein she contended that Circle K was not aware of any problems, issues or leaks in or around the cooler located near where Buchanan fell.[86] Finally, Circle K also cited deposition testimony by the store manager confirming the store's statements regarding lack of actual or constructive notice.[87] In response, Plaintiff submitted no evidence whatsoever, and argued only that summary judgment was premature before the deadline for discovery in the matter had passed.[88]

---

*Mem'l Coliseum*, 39, 101 (La. App. 2 Cir. 12/15/04); 889 So. 2d 1232, 1235. However, in order to establish liability based on ownership or custody of a thing under Article 2317.1, a plaintiff must show that defendant "knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1. Therefore, this standard is similar to the "notice" requirement of La. R. S. 9:2800.6. *See Buchanan v. Circle K Stores Inc.*, No. 14-2690, 2015 WL 5838228, at *5 (E.D. La. Oct. 7, 2015) (Brown, J.). Here, however, Plaintiff's motion for reconsideration refers only to La. R. S. 9:28000.6, and therefore the Court need only analyze Plaintiff's claim pursuant to that statute. *See* Rec. Doc. 42-2 at 4.

[85] Rec. Doc. 14-2 at 6.

[86] *Id.* at 6–7.

[87] Rec. Doc. 29 at 2.

[88] Rec. Doc. 15 at 1.

The Court granted Circle K's motion because, one month after the discovery deadline had passed and less than a month before trial was set to begin, Plaintiff still had not submitted any evidence to oppose summary judgment, and the unrebutted evidence adduced by Circle K showed that no genuine issue of material fact existed with respect to the notice element of Buchanan's claim.[89] Specifically, the Court concluded that no genuine issue of material fact existed regarding whether Buchanan would be able to satisfy the requirements set forth in Louisiana Revised Statute 9:2800.6.

In her motion for reconsideration, Buchanan makes new allegations that were not previously made in opposition to the motion for summary judgment; namely, Buchanan claims that store manager Evans' deposition testimony reveals that: (1) she failed to abide by written safety checklists that Circle K has in place; (2) she was likely distracted due to a truck delivery that was taking place on the day of Buchanan's accident; and (3) Evans could not say that there had been a check within five minutes of Buchanan's injury.[90] Therefore, Plaintiff argues, given that Evans was "finishing up" a truck delivery and "admittedly had her attention focused elsewhere, it is highly likely that enough time had passed prior to the incident that should have been enough time to correct the dangerous condition."[91]

Buchanan alleges that the Court made a manifest error of law, presumably by not considering the evidence that presented a genuine, disputed issue of material fact. However, it is undisputed that, at the time the Court issued its Order on summary judgment, no such evidence had been presented by Buchanan. Therefore, to the extent that Plaintiff is essentially arguing that

---

[89] Rec. Doc. 32 at 13–14.

[90] Rec. Doc. 42-2 at 6.

[91] *Id.*

new evidence has been discovered, the Fifth Circuit has held that "new" evidence is only sufficient to warrant reconsideration if: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."[92] However, as noted by Defendant, the deposition testimony on which Plaintiff relies was taken on August 13, 2015,[93] and the Court did not issue its Order granting summary judgment until nearly three months later, on October 7, 2015.[94] Plaintiff's failure to supplement the record prior to the Court's Order, even after Defendants filed a supplemental memorandum on September 10, 2015 to inform the Court of additional facts elicited by Evans' testimony,[95] does not make Evans' testimony "newly discovered" for the purposes of a motion for reconsideration.

Furthermore, even if the Court were to consider Evans' testimony at this late stage, Plaintiff fails to point to any legal or factual error committed by the Court that would warrant reconsidering the Court's Order granting summary judgment in favor of Circle K. Plaintiff does not cite a single case to support her claim that, even if Evans was distracted by a truck delivery or failed to abide by the written safety checklists that Circle K has in place, such behavior would support Plaintiff's burden of proof on the "notice" prong of the merchant liability statute, as opposed to the third prong, regarding "reasonable care." Notice is a separate element, which would require Plaintiff to present evidence at trial that the defective condition "existed for such a

---

[92] *Ferraro v. Liberty Mut. Ins. Co.*, 796 F.3d 529 (5th Cir. 2015) (citing *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 77 (5th Cir. 2010)).

[93] Rec. Doc. 42-3.

[94] Rec. Doc. 32.

period of time that it would have been discovered had the merchant exercised reasonable care."[96] Therefore, "the claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall."[97] As such, it is insufficient to meet the Plaintiff's burden of proof for her to argue solely that, due to distractions or a failure to abide by company policies, Evans did not pay enough attention to the area where Buchanan fell for her to notice any alleged stream near the freezer/cooler. Such evidence would, at best, speak to whether Circle K exercised reasonable care. Evans' testimony does not, however, illuminate whether the merchant had either actual or constructive notice of the condition that caused the injury, the element that the Court previously concluded was not genuinely in dispute due to a lack of evidence submitted by Plaintiff to rebut Circle K's evidence that it had no such notice.

In order to prevail at trial, the plaintiff must prove all three elements of the merchant liability statute.[98] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, she may not sustain a negligence cause of action unless she can also prove that the merchant had actual or constructive notice of the condition that caused the injury.[99] The Court has already concluded that Circle K successfully showed at the summary judgment stage that no genuine, disputed issue of material fact existed regarding the notice element, and therefore Plaintiff could not prevail at trial. The evidence, submitted several months too late by

---

[95] Rec. Doc. 29.

[96] *Dickerson v. Winn-Dixie, Inc.*, 2001-0807 (La. App. 1 Cir. 2/27/02), 816 So. 2d 315, 318, *writ denied*, 2002-0951 (La. 5/31/02), 817 So. 2d 99.

[97] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084.

[98] *Id.*

[99] *See id.*

Plaintiff, does not change the Court's initial determination, and does not warrant reconsideration of the Court's prior Order.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Buchanan's "Motion for New Trial"[100] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 11th day of April, 2016.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[100] Rec. Doc. 42.